IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. AUSTIN, II,

              Plaintiff,

v.

GS4 SECURE SOLUTIONS USA,
SHANE L. PETERSON, SHANTEL L. BELOT,
JOHN DOES, JANE DOES, MILWAUKEE
COUNTY, DAVID A. CLARKE, JR., GARY
HAMBLIN,
JEFFREY PUGH, M. SAMBORSKI, and
JON LITSCHER,

              Defendants.

OPINION & ORDER

15-cv-259-jdp

---

Plaintiff David D. Austin, II, a former prisoner in the custody of the Wisconsin Department of Corrections (DOC), is proceeding on Eighth Amendment and negligence claims against defendants concerning a motor vehicle accident that occurred while Austin was being transported to the Milwaukee County Jail.

The two sets of defendants in this case (DOC officials and private entities that contract with the state to provide transportation services) have filed motions for summary judgment based on Austin's failure to exhaust his administrative remedies. Dkt. 36 and Dkt. 39. Because defendants have not established that administrative remedies were available to Austin, I will deny their motions.

UNDISPUTED FACTS

I draw the following facts from defendants' submissions in support of their motions and the court's June 1, 2016 screening order, Dkt. 13.

Defendant G4S Secure Solutions USA contracts with defendant Milwaukee County to transport inmates. Austin alleges that on May 10, 2012, defendants Shane L. Peterson and Shantel L. Belot, two G4S employees, picked Austin up from the Stanley Correctional Institution (SCI) to transport him and five other inmates to the Milwaukee County Jail. Austin and the other inmates sat, handcuffed and shackled, on metal benches in a metal cage in the back of a cargo van. Another car rear-ended the transport van on the highway, and Austin was knocked unconscious. Defendant State Highway Patrol Trooper M. Samborski responded to the scene. Peterson, Belot, and Samborski assessed the accident, called their supervisors (defendants John and Jane Does), and then continued to drive to the Milwaukee County Jail, despite some of the inmates' requests to go to a hospital. Austin's injuries were exacerbated from jostling around in the damaged van. It was not until almost five hours after the accident occurred that Austin received any medical attention.

Defendants Milwaukee County Sheriff David A. Clarke, Jr., former DOC Secretary Gary Hamblin, and SCI Warden Jeffrey Pugh were not personally involved in the May 10 accident. But Austin alleges that they knew that the vans used to transport inmates were unsafe and turned a blind eye to the risk that the vans presented.

Austin was transported back to SCI on May 22, 2012. He did not file a grievance with the DOC concerning the May 10 accident.

I granted Austin leave to proceed on Eighth Amendment deliberate indifference claims against defendants G4S, Peterson, Belot, Clarke, Hamblin, Pugh, and John and Jane Does in their individual capacities. I also allowed Austin to proceed against defendants Pugh, Clarke, Milwaukee County, and current DOC Secretary Jon Litscher in their official capacities for purposes of his injunctive relief claim. And I allowed Austin to proceed on state law negligence

2

claims against defendants G4S, Peterson, Belot, Samborski, Clarke, Hamblin, Pugh, Milwaukee County, and John and Jane Does.

ANALYSIS

To succeed on a motion for summary judgment, defendants, as the moving parties, must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in Austin's favor, as the nonmoving party. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The grievance itself need not provide "a detailed factual narrative, articulate legal theories, or demand particular relief to exhaust [the prisoner's] administrative remedies, [but] must merely 'object intelligibly to some asserted shortcoming.'" *Stewart v. Cox*, No. 14-cv-665, 2015 WL

9296457, at *3 (W.D. Wis. Dec. 18, 2015) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code §§ DOC 310.07 and 310.09. Section 310.09(6) requires inmate to file grievances "within 14 calendar days after the occurrence giving rise to the complaint, except that the institution complaint examiner may accept a late complaint for good cause." Failure to follow these rules may require dismissal of the prisoner's claims. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that a plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Defendants contend that because Austin did not file any grievance concerning the May 10 accident, his federal claims must be dismissed for failure to exhaust administrative remedies as required by § 1997e(a). Austin argues that his failure to file a grievance should be excused because no administrative remedies were available to him, citing *White v. Bukowski*, 800 F.3d 392 (7th Cir. 2015). In *White,* the plaintiff alleged that jail officials were deliberately indifferent to her need for prenatal care and prompt transport to a hospital to deliver her baby, who was born with serious birth defects due to lack of oxygen. The jail's grievance procedure did not establish a deadline for filing a grievance, but the plaintiff was transferred without warning to another jail four days after she returned from the hospital, and it was impossible for her to file a grievance after the transfer. The Seventh Circuit held that the four-day deadline to file a grievance was "unreasonably short for a woman who had just given birth to a severely impaired child," so "no administrative remedies were available to" the plaintiff, and her case could not be dismissed for failure to exhaust. *Id.* at 397.

4

In this case, under § 310.09(6), Austin had until May 24 to file his grievance. But he was at the Milwaukee County Jail, where the DOC's grievance system was unavailable to him, until May 22. Thus, although § 310.09(6) ostensibly gives prisoners 14 days to file grievances, Austin only had two days to do so—half the amount of time that the Seventh Circuit identified as unreasonable in *White*. So it appears that administrative remedies were not truly available to Austin.

Defendants argue that Austin "submits no evidence to indicate that it would have been impossible for him to file a complaint upon his return to [SCI]," Dkt. 45, at 3, but a showing of impossibility is not required by *White*. And the burden is on defendants, not Austin, to submit evidence sufficient to establish the affirmative defense of failure to exhaust.

Defendants also point to evidence that Austin "had previously filed complaints with the inmate complaint review system." *Id.* But the plaintiff's knowledge, or lack of knowledge, concerning the grievance process was not a factor in the *White* analysis. Nor was it a factor in *King v. McCarty*, in which the Seventh Circuit held that administrative remedies were not available to an inmate when a jail's grievance system included a five-day deadline to obtain, complete, and submit a grievance form. 781 F.3d 889, 895 (7th Cir. 2015). The fact that Austin was able to file grievances within the standard 14-day window does not establish that he reasonably could have done so under a mere two-day deadline.

In light of Seventh Circuit precedent, a two-day deadline to file a grievance is unreasonable. Defendants have offered no evidence establishing that administrative remedies were available to Austin despite the two-day deadline. So I will deny defendants' motions for summary judgment on their affirmative defense of failure to exhaust.

ORDER

IT IS ORDERED that defendants' motions for summary judgment on exhaustion of administrative remedies, Dkt. 36 and Dkt. 39, are DENIED.

Entered May 15, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge